# GEORGE A. KIBBIE

*v.*

# JOHN H. WILLIAMS.

LIMITATION *act of* 1839—*life estate of husband in the lands of the wife.* Where a married woman owned land in her own right before the adoption of the married woman's law, the husband became vested with a life estate in the land, and where there is claim and color of title accompanied with possession and payment of taxes for seven years, the statute of 1839 operates as a bar to the assertion of title by the husband and wife or their grantee, during the life of the husband. Such an estate in the husband is a freehold, and like an estate by the curtesy, can be barred by the statute of limitations.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of ejectment, brought by George A. Kibbie, in the Adams Circuit Court, against John H. Williams, for the recovery of the N. E. qr. of sec. 11, town 2, N. R. 7 W. in Adams county. The declaration was in the usual form, to which was filed the general issue. A trial was had by the court without a jury, by consent of parties. Plaintiff traced title from the United States government to himself. The defendant proved color of title, payment of taxes and possession of the premises from 1860 till 1870; that Helen O'Harra Harrell, of whom appellant purchased the land, inherited the premises from her father and her brother and sister, before her marriage, and that she was the owner of the fee; that she was married to Abram D. Harrell in 1840, and was still married to him at the time of the trial. The court below found the issues in favor of defendant, and rendered judgment in his favor, and plaintiff has appealed to this court.

Messrs. SKINNER & MARSH, Mr. WM. C. GOUDY and Mr. R. K. TURNER, for the appellant.

Mr. JOHN H. WILLIAMS, appellee, *pro se.*

Per CURIAM: The only difference between this case and that of *Shortall* v. *Hinckley*, 31 Ill. 225, is, that in this, the husband held an estate *jure uxoris*, while in that, the husband held an estate by the curtesy initiate. They are both freehold estates, (2 Kent's Com. 130,) and are subject to the same incidents, and must be held to be governed by the statute of limitations in the same manner and to the same extent. No reason is perceived for any distinction in the law of the two cases. This being so, the case of *Shortall* v. *Hinckley*, *supra*, must govern, and the judgment of the court below is affirmed.

*Judgment affirmed.*