## YAHN v. CITY OF OTTUMWA.

1. **Evidence:** WITNESS NOT EXPERT: MIXED FACT AND OPINION. While the dividing line between what is a fact and what is an opinion cannot be very clearly defined, it is competent for a witness, not an expert, to testify to his conclusion, when the matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time; and, in this case, it was competent for the witness to state, in connection with the facts, what frightened the horses, by the sudden starting of which the injury in question was sought to be recovered for.

2. **Cities and Towns:** INJURY ON STREET: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. In an action for damages caused by plaintiff's husband driving against a stone in defendant's street, whereby plaintiff was injured, *held* that it was the duty of the court, upon request of defendant, to instruct the jury, in effect, that "it was the duty of plaintiff's husband to use care in driving, and to look where he was driving, and to avoid all obstacles which were dangerous in their character, and which were plainly visible and not obscured; and if he failed to do so, and the plaintiff was thereby injured, she cannot recover."

*Appeal from Wapello District Court.*

### TUESDAY, MARCH 20.

THIS action was brought to recover damages for an injury received by the plaintiff by being thrown from a wagon in one of the streets of Ottumwa, the accident having been occasioned, as it is alleged, by reason of one of the wheels of the wagon coming in contact with a stone, which the city authorities had negligently allowed to remain upon the street. The pleadings are in the usual form of actions of this character, and a trial to a jury resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Wm. McNett* and *W. D. Tisdale*, for appellant.

*W. H. C. Jacques, S. E. Alder* and *Stiles & Beaman*, for appellee.

ROTHROCK, J.—I. The plaintiff and her husband, who is a farmer, reside in the vicinity of Ottumwa. On the morn-

ing of the day the injury was received, they went to Ottumwa in an ordinary farm wagon drawn by two horses, to sell some potatoes and purchase some family supplies. After selling the potatoes, the plaintiff went to another part of the city on an errand, and the husband drove the wagon down along the edge of Jefferson street, and left it standing there awaiting plaintiff's return. When she returned they put some chairs, which they had purchased, in the wagon, and the plaintiff seated herself upon one of the chairs. Her husband took his seat upon a board laid across the wagon box, and started the team. The wagon had moved but a few feet when the plaintiff fell to the street, and by reason of the fall her arm was broken.

It was claimed upon the trial that the fall of the plaintiff was caused by one of the wheels of the wagon coming in contact with a stone in the street, in a violent and sudden manner, by which the wagon careened or tipped to one side. There was a great variance in the testimony of the witnesses for the plaintiff as to the size of the stone and its exact location in the street. It was claimed upon the part of the city that there was no stone in the street, and that the wagon wheel did not run against a stone, but that the accident was caused by a sudden start of the team from fright, the wagon being partly in the gutter at the side of the street, and not upon level ground, and for the further reason that the plaintiff was in an unsafe and dangerous position, being seated in the wagon upon an unfastened chair. It is by no means clear from the evidence that there was a stone in the street, such as is described by the plaintiff's witnesses. The witnesses for the defendants, some of whom were in a position to know whereof they testified, stated that no such stone was in the street at the time of the accident. Upon this question of fact the court would not have been justified in interfering with a verdict for either of the parties. This being the state

I. EVIDENCE: witness not expert: mixed fact and opinion. of the case, it was a most material question whether or not there was any other cause to which the accident was properly attributable than

the contact with the stone on the street.   Mrs. E. Ulrich was
called as a witness for the defendant.   She testified that she
was sitting at an upper window in a building near where the
accident occured, with nothing to obstruct her view of the
wagon and the street where it stood.   She further testified as
follows:

"I saw the woman coming across Main street from Hill's
grocery; she had some chairs and packages in her arms; she
put the chairs in the wagon and got in; she sat on a chair
back of the seat in the wagon.

When the horses started to go off, she fell out.   The horses
started quick, kind of jumped.   I thought I saw a man stand-
ing there sprinkling the street with a hose; he was standing
on the sidewalk at the edge of the building, sprinkling down
the sidewalk towards the alley; he was sprinkling water near
the team, all around them; he commenced sprinkling just a
little before the accident happened.

She fell out at the same time the horses jumped.   The
horses in starting gave a quick motion.   She fell out right
over the sidewalk.   Some packages she had in her arms fell
out with her.   The chair did not fall out.

*Question*—Now I would like to have you state what it
was that made the horses jump.

Objected to by the plaintiff because incompetent, and it
calls for a conclusion of the witness.   The objection was sus-
tained by the court, and the defendant duly excepted to the
ruling at the time.

Mrs. McGuire, another witness, stated that she was at the
window with Mrs. Ulrich, and after describing the position
of the wagon and the plaintiff's position therein, she was
asked this question: "You can describe, after she got in and
sat down on the chair, how the accident occured as you now
remember it.   Give it in your own way—after she sat down."

*Answer*—"There was some one standing at those steps
near the door sprinkling the streets with the hose, and the

water flew over the horses and around them, and they got frightened and jumped."

Objection was made to "what the witness said about the horses becoming frightened, because it is incompetent, being an opinion of the witness." The objection was sustained. We think these rulings of the court were erroneous. It is true that the dividing line between what is a fact and what is an opinion is not and cannot be very clearly defined. But it surely is competent for a witness to state whether the horses were frightened by a stream of water thrown upon or around them, or by the escape of steam from an engine, or by being set upon by a dog, or the like. The observation of the witness as to cause and effect is a fact which he may state to the jury. Upon a question like this, the discharge of the water from the hose and its effect upon the horses appears to us to be a compound of fact and opinion. To hold that it is incompetent would limit and hamper the introduction of evidence in a manner not contemplated by any rule of law of which we have any knowledge. If it be the law that a witness, not an expert, may not under any circumstances give an opinion, the statement of these witnesses that the horses were frightened would not be admissible. But the rule is not thus to be applied. It is competent for a witness to testify to his conclusion, when the matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time. It appears to us that the subject-matter—the alleged fright of the horses in this case—was of the character just described. A witness may see a team frightened, and may state the fact that water was thrown from a hose upon or near the team, and he may describe how and when it was thrown, and yet he cannot put the jury in his place in regard to the facts, without stating his conclusion as to the effect of the throwing of the water.

A witness may state his opinion in regard to sounds, their

character, from what they proceed, and the direction from which they seem to come. *State v. Shumborn*, 46 N. H., 497. The correspondence between boots and foot-prints. *Com v. Pope*, 103 Mass., 440. And it is competent for a witness, not an expert, to testify to the condition of health of a person, and that he is ill or disabled, or has a fever, or is destitute. *Barker v. Coleman*, 35 Ala., 221; *Wilkinson v. Mosely*, 30 Ala., 562. A witness may give his judgment whether a person was intoxicated at a given time. *People v. Eastwood*, 4 Kernan, 562; *State v Huxford*, 47 Iowa, 16.

II. The plaintiff and her husband both testified that the horses were old and gentle, and that they were not at all

2. CITIES and towns : injury in street: contributory negligence: instruction.

frightened. It is pretty clearly established by the evidence that, if there was a stone in the street, it was in plain view of the husband of the plaintiff, when he took his seat in the wagon and started the horses. The court did not directly charge the jury that if the stone was in full view of the plaintiff's husband he should have seen and avoided it. The charge directs the jury that the driver was chargable with ordinary care and prudence in driving the team. It was not claimed that the husband's attention was in any manner diverted from properly driving the team after he took his seat in the wagon. The accident happened in broad daylight. Now, if the stone was in full view of the husband when he started the team, it was his plain duty to have seen and avoided it. The defendant requested the court to instruct the jury that "it was the duty of the plaintiff's husband to use care in driving, and to look where he was driving, and to avoid all obstacles which were dangerous in their character and which were plainly visible and not obscured, and if he failed to do so, and the plaintiff was thereby injured, then she cannot recover."

This instruction was refused. We think this, or some other explicit instruction applicable to this view of the facts of the case, should have been given. Where an obstruction is in the street in plain view of the driver of a vehicle, and

his attention is in no manner diverted so as to excuse him for not seeing the obstruction, and he drives against it or into it, he is clearly guilty of contributing proximately to any injury which may result. *Tuffice v. State Center*, 57 Iowa, 538.

. It is no answer to this measure of diligence and care to argue that the driver's attention was taken up with looking above the ground to direct his team. Human vision is not so narrow that the driver of a team may not take in the whole of his surroundings, including the team and every obstruction which may be in the line of the wheels of his vehicle.

In our opinion, the jury should have been expressly instructed that if, when the team was started by the driver, the stone (if there was one) was in plain view, and there was nothing to divert his attention from seeing it, it was his duty to have seen and avoided it, and if he did not do so, the plaintiff could not recover.

REVERSED.