# FREDERICK P. KOEHLER AND MARGARETTA KOEHLER
## v.
## RUTH MILLER, ADMINISTRATRIX.

*Action for Damages for Personal Injuries from Falling Wall—Liability of Wife—Estate* Jure Uxoris—*Act of 1861—Evidence—Instructions.*

1. Prior to April 24, 1861, when the Married Women's Act of 1861 took effect, the husband was seized of a life estate in the equitable and legal estate of his wife, and said act did not affect such life estate where it had previously vested.

2. A husband in possession and control of his wife's estate under his said common-law right, is presumed to act for himself and not as her agent in the erection of a wall thereon; and she is not liable for injuries resulting from his negligence in the erection of said wall.

3. In the case presented it is held that statements made by the husband in the absence of the wife were improperly admitted.

4. An instruction should not single out and call special attention to a circumstance in evidence which is inconclusive in character.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. BARTON & BARNUM and H. C. HYDE, for appellants.

Mr. J. A. CRAIN, for appellee.

WELCH, J.    This was a suit in trespass on the case brought
by the appellee against the appellants to recover damages
against the appellants for causing the death of her husband
Francis O. Miller, as is claimed by their negligence.    On the
16th day of October, 1880, during a violent wind a part of the
front brick wall of a building on Stephenson Street in the
city of Freeport, Illinois, was blown down upon and killed
appellee's husband.    Some of the counts allege that the appel-
lants so negligently, carelessly and defectively erected, con-
structed and built the house that by reason thereof it fell
and killed her husband.    And other of the counts allege that
the appellants were possessed of the building and negligently
suffered and kept it in bad repair and while in such condition
it fell and killed her husband.

Two principal questions arise in this case; first, whether the
wall was properly constructed and was kept in repair ; second,
is the appellant, Margaretta Koehler, the wife of appellant,
Frederick P. Koehler, jointly liable with her husband for the
injury ?    On the first point the evidence was voluminous and
conflicting and the jury having decided for appellee, if that
were the only question in the case we would not be inclined
to disturb the findings.    Second, is the appellant, Margaretta
Koehler, the wife of Frederick P. Koehler, jointly liable for the
injury ?    They had been married some forty years and had a
son thirty-nine years of age.    The premises were conveyed
by deed to Frederick P. Koehler on the 24th day of March,
1853, at which time he and his family took possession thereof
and continued to occupy it until 1863.    There was an old
building on the premises when he took possession which was
occupied as his family residence.    After the appellant, Fred-
erick P. Koehler, and family, left the premises, it was occupied
by tenants and was so occupied at the time of the injury.
The wall that fell and caused the injury was built at his
request in 1877, and was paid for by him.    There was a deed
made by the appellant, Frederick P. Koehler, of these premises,
to John Wurth, of date December 6, 1858.    Also a deed from
John Wurth and wife to Henry Boyer of date April 10, 1861, and
a deed from Boyer and wife to the appellant, Margaretta Koeh-

ler of date July 16, 1881.  This conveyance to her was long after the injury complained of.  It is however insisted that Boyer being her brother and deeding to her for the nominal consideration of one dollar, property worth several thousand dollars, showed that he was a mere trustee and held the title for her, the premises being controlled by her co-appellant and husband as her agent.  A conclusive answer to this claim is found in the fact that the deed to Boyer was dated April 10, 1861, and his holding as trustee would be of that date, the equitable title vesting in her of that date.  The married women's law did not take effect until April 24, 1861.  The husband by the common law became seized, April 10, 1861, of a freehold estate for life *jure uxoris* in the premises and was entitled to the possession, rents, profits, etc.  2 Kent's Com. 130; Kibbe v. Williams, 58 Ill. 30.  The statute of April 24, 1861, did not divest him of this right there being nothing to show that his marital rights were excluded by the deed.  The estate *jure uxoris*, attached to the equitable as well as the legal estate of his wife.  1 Washburn on Real Prop., 277; Tyler on Infancy and Coverture, Sec. 286.  This being so the acts of her co-appellant and husband in constructing the wall and controlling the building would be referable to his possession and absolute control of the premises given him by the law as the holder of the life estate and not to any presumed agency for his wife.  This latter would be the law only as to lands held by the statute—that vested in her after April 24, 1861.  The sixth instruction given for appellee by the court was otherwise.  This instruction told the jury that if Margaretta Koehler owned the premises at the time of the erection of the wall and the wall was erected by her husband, then her said husband may be presumed to have been acting as the agent of his said wife, and she is to be held responsible, etc.  The eighth instruction for the appellee was erroneous.  It singled out one circumstance in proof of an inconclusive character and called special attention to that, giving undue prominence to it.  Garretson v. Pegg, 64 Ill. 111; Guardian M. L. Ins. Co. v. Hogan, 80 Ill. 35.

It was also error to permit Harris to testify to what Koehler

said in the absence of his wife, *i. e.*, that Mr. Koehler said in Smith's office that when Mrs Koehler came down town she would come up and sign the lease. For the errors herein indicated the judgment is reversed, cause remanded and *venire de novo* awarded.

*Reversed and remanded.*