SHEFFIELD *v.* CENTRAL UNION TELEPHONE CO.

(*Circuit Court, N. D. Ohio, E. D.*    April Term, 1888.)

1. TELEPHONE COMPANIES—POLES IN HIGHWAY—NEGLIGENT OBSTRUCTION.
    Under the statutes of Ohio providing that a telephone company may occupy for its poles a part of the public highway, but not so as to incommode the public in its use, the company must exercise reasonable care in the location of its poles, so as not to incommode public travel, but is not required to so locate them as to provide against all possible injuries that might happen under extraordinary circumstances.

2. NEGLIGENCE—IMPUTED—HUSBAND AND WIFE.
    Plaintiff was injured by the buggy in which she was riding, and which was driven by her husband, running against a pole located in the highway by the defendant telephone company.    *Held* that, if the injury was occasioned solely by the driver's negligence, defendant was not liable, but if the driver's negligence only contributed to the injury his negligence could not be imputed to plaintiff, so as to defeat her action, where defendant's negligence directly contributed to the injury.[1]

---

[1] As to when the contributory negligence of a driver will be imputed to a passenger, see Railroad Co. v. Hogeland, (Md.) 7 Atl. Rep. 105, and note; Nisbet v. Town of Garner, (Iowa,) 39 N. W. Rep. 516, and note.

At Law.

Action for damages for personal injuries. The plaintiff sues the defendant for an injury occasioned by the defendant placing in a public road its poles to operate its telephone, thereby wrongfully and negligently obstructing the highway. She says that she was going along the highway in a buggy drawn by one horse, driven by her husband, and the horse, without any fault or negligence of her husband, ran upon and against a pole so located in the highway by the defendant, and was thereby injured and greatly damaged. The defendant denied the allegations of the petition.

*Boynton & Hale* and *E. G. Johnston*, for plaintiff.

*D. J. Nye* and *Henderson, Kline & Tolles*, for defendant.

WELKER, J., (*orally charging jury*.) To maintain this action the plaintiff must establish substantially the negligence charged against the defendant, and that such negligence produced the injury. It must also be shown in the whole evidence that the plaintiff did not by her own carelessness and negligence contribute to the injury; and if it appear that the defendant was guilty of the negligence charged against it, yet, if the plaintiff was herself guilty of such negligence as that the injury would not have occurred without that carelessness and negligence on her part, then the plaintiff is not entitled to recover.

The first question is as to the negligence of the defendant. That depends upon the rights given to the defendant to use, jointly with the public, a part of the highway. The statutes of Ohio provide that the telephone company might occupy for its poles a part of the public highway, but must not do it so as to incommode the public in the use of the highway. In the location of its poles in the highway the defendant was required to exercise reasonable care, so as not to incommode persons having a right to use the road for all purposes of travel. This use means the ordinary and reasonable use of the highway for all purposes for which highways are usually used by the public. It was not required to so locate its post or pole as to provide against all possible injuries that might be incurred or happen under extraordinary circumstances. Then ascertain the location of the pole, and find whether it did so inconvenience the public, and make such location careless and negligent. The plaintiff had a right to the use of the highway for purposes of travel without being incommoded by the pole of the defendant, located in the public highway. She was required to use ordinary care and diligence, in passing along the road, to avoid collision with the pole located therein. Ordinary care means such care as a person of ordinary prudence would or should exercise to avoid injury. What is ordinary care depends upon the circumstances surrounding the parties at the time, and upon the situation and location and the place of injury, whether the obstruction complained of was within the observation of the parties at the time, and the character of the vehicle and the team being driven. In determining the care of the plaintiff, you will consider all the circumstances of her being in the buggy, and what she could or ought to have done at the time to prevent

the injury. The horse and wagon being driven by the husband of the plaintiff at the time of the injury, it is claimed by the defendant that his carelessness in driving, if guilty of any such, is to be imputed to the plaintiff, and, if it contributed to her injury, she cannot recover. On that point I direct you that, if you find the injury was occasioned solely by the carelessness of the driver, her husband, the defendant cannot be held liable for the injury thus produced. If her husband's negligence only contributed to the injury, his negligence cannot be attributed to the plaintiff, and must not be regarded as her negligence, so as to defeat her action, where the negligence of the defendant directly contributed to the injury. If you find that the defendant was not guilty of carelessness or negligence as charged, your verdict should be for the defendant, or if the injury was produced wholly by fault of the driver, or if plaintiff contributed to the injury. If you find it was guilty of negligence in the location of the pole in the road, and such negligence produced the injury without the fault of the plaintiff, then you will find for the plaintiff, and assess such damages as will compensate her for the injury.

Verdict for plaintiff. Motion for new trial overruled.

JACKSON, J., sitting with the District Judge to hear the motion, concurred.