## SHAW *v.* CRAFT *et al.*

(*Circuit Court, N. D. Ohio, W. D.* December Term, 1888.)

1 ANIMALS—INJURIES BY—DOGS—PRESUMPTION.
Dogs kept upon a farm are presumed not to be vicious, or to have dangerous habits, and the owner or harborer is not liable for their vicious acts, unless he had knowledge of such vicious or dangerous habits.

2. SAME—KNOWLEDGE OF VICIOUSNESS.
The owner or harborer of a dog, known to be in the habit of chasing persons or horses on the road adjoining his premises, is not liable for injuries to persons caused by their horses becoming frightened at the dog, where he has no knowledge that injury has ever resulted from the dog's habits. or of any acts of the dog likely to result in injury, and where he exercises ordinary care to prevent injuries by the dog.

3. SAME.
But after knowledge of such acts of the dog as would be likely to result in injuries to passers along the road, it is his duty to take such measures as will secure the public against danger therefrom in future.

4. NEGLIGENCE—IMPUTED—HUSBAND AND WIFE.
The wife's administrator cannot recover for injuries causing her death, which were occasioned solely by the husband's negligence, but where his negligence only contributes to the injury, and the negligence of defendant directly contributes to the injury, the husband's negligence cannot be so attributed to the wife as to defeat the action.[1]

At Law.

Action by James P. Shaw, administrator of Ella J. Shaw, deceased, founded on the Ohio statute authorizing the administrator of any person whose death was caused by the wrongful act of another, to recover damages for the benefit of the husband and children. The plaintiff alleged that on the 27th of October, 1887, as he was passing along a public road near the premises of the defendant Craft, with a buggy and one horse, in which were his wife and two daughters, two dogs of the defendants ran to the road and in it, and viciously barked at and chased his horse, thereby causing him to run away and upset the buggy, and throwing his wife out, and so injuring her that she shortly afterwards died of the injury. He also alleged that the dogs were vicious and dangerous, and in the habit of chasing and pursuing persons passing along the highway, and that the defendants knew of their vicious and dangerous habits, but wrongfully allowed them to run at large.

*Hamilton & Ford,* for plaintiff.

*C. A. Layton* and *E. D. Potter,* for defendants.

WELKER, J., charged the jury, among other matters: 1. That dogs upon a farm, being regarded as domestic animals, are presumed not to be vicious, or have bad and dangerous habits, and the owner or harborer is not liable for their vicious acts unless he had knowledge of such vicious

---

[1] The negligence of a man who invites a woman to ride in a buggy with him, he keeping full control of the horses, and the woman having no reason to doubt his ability and care. cannot be imputed to her in an action by her against the municipality for injuries resulting from obstructions negligently left in the street. Town of Knightstown v. Musgrove, (Ind.) 18 N. E. Rep. 452. See, also, cases cited in note.

character. Nor is he to be regarded an absolute insurer that they will not become vicious, and contract habits of pursuing or chasing passers on adjacent highways.

2. That the owner or harborer of a dog, known to him to be in the habit of barking at and chasing persons or horses on the road adjoining his premises, but without knowledge that injury had been done thereby, or such act of the dog in so doing as would be likely to produce injury, is only required to exercise reasonable and ordinary care to prevent injury being done by such dog to passengers along the road. This ordinary care is such as a reasonably prudent person would or should exercise under like circumstances. Failing to exercise such ordinary care and diligence would be negligence, for which such owner or harborer would be liable, if injury is done by such dog.

3. But if the owner or harborer has knowledge that his dog has been in the habit of viciously chasing or pursuing passers-by in the public road adjacent to his premises, and injury has resulted therefrom, or his dog had been guilty of such acts, with reference to persons or teams passing along such highway, so that injury might have thereby resulted, then, with such knowledge, it would be the duty of such owner or harborer to take such necessary measures as would secure the public against danger from such future conduct and acts of the dog, and, failing to do so, would be liable for injuries committed or produced after such knowledge.

4. That Means, who was the owner of one of the dogs, would be liable with Craft, the harborer thereof, if he had the same knowledge, and would be required to exercise the same care and diligence as the harborer; and that Craft, as the mere harborer of such dog, with the knowledge before stated, would also be liable for injuries caused by him.

5. That if the injury which produced the death of Mrs. Shaw, was occasioned solely by the carelessness of the driver of the buggy,—her husband,—the defendants cannot be held liable for the injury thus produced. If, however, her husband's negligence only contributed to the injury, then his negligence cannot be attributed to the intestate, and must not be regarded as her negligence, so as to defeat this action, where the negligence of the defendants directly contributed to the injury.

Verdict for the plaintiff. Damages, $1,500.