## C. E. CHILDS v. NICHOLAS MUCKLER, Appellant.

Alienating Wife's Affections: EVIDENCE. Evidence that the wife of plaintiff in an action for alienating her affections went on one or more occasions to defendant's room and requested him to arrange the bandage on her arm which was injured, is admissible to show that she had an affection for defendant.

SAME. Evidence that the wife of plaintiff in an action for alienating her affections took a ride at one time with defendant when plaintiff would have taken her if he had known she wanted to go, is admissible, as it bears on whether she went with defendant from choice or necessity.

INSTRUCTIONS. An instruction in an action for alienating the affections of plaintiff's wife that it was defendant's duty to refrain so far as he reasonably could, from any act which he knew would tend to awaken an affection for him on the part of plaintiff's wife is not objectionable as intimating that he should have known that common courtesy or civility would have that effect

**Opinion Evidence.** Opinion evidence is admissible in an action for alienating the affection of plaintiff's wife as to whether or not she was "nice looking."

**Trial:** INSTRUCTIONS. An instruction is properly refused where substantially the same thought has been expressed in the charge given.

**Evidence:** REVIEW. The admission of immaterial evidence is not ground for reversal unless it reasonably appear that it was prjudicial to the complaining party.

HARMLESS ERROR Error if any in admitting opinion evidence that the wife of plaintiff in an action for alienating her affections was a "nice looking woman" was harmless to defendant where she was present as a witness and gave testimony in the case, thus permitting the jury in a proper way to see how she looked.

**Verdict:** REVIEW. A verdict on conflicting evidence, and approved by the trial judge, will not be disturbed on appeal, though it might well have been the other way.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

TUESDAY, MAY 10, 1898.

THIS is an action to recover damages for the alienation by defendant of the affections of plaintiff's wife. There was a verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Haines & Lyman* for appellant.

*D. W. Norris* and *W. R. Lewis* for appellee.

WATERMAN, J.—A great many of the errors complained of relate to rulings upon evidence. It would take much time and space to set them out in detail, and would be of no particular benefit to the profession. We will give one or two instances to show the character of these objections. The first error assigned is the overruling of an objection interposed by defendant to an interrogatory propounded to plaintiff while he was upon the witness stand. Plaintiff had testified that at one time his wife rode with defendant to Grinnell. He was then asked: "Were you ready and willing to take her? (Objected to as incompetent, irrelevant, and immaterial. Objection overruled.)" It would scarcely seem a very material matter, or as likely to have prejudiced defendant, if the answer was erroneously admitted. But we cannot perceive that there was any error in the ruling. It was proper to show whether defendant's wife went with Muckler through choice or necessity. It is true that the record does not disclose that the husband's readiness was known to the wife, but the answer of the witness does indicate that the wife voluntarily went with Muckler, when she had no occasion to do so, and that she might have known her husband would take her had she cared to inquire. Her feeling towards Muckler was one of the essential elements of plaintiff's case. Another objection, which we select at random, was to this question: "Mrs. Childs is a nice looking woman, isn't she?" This was said to be immaterial and calling for the opinion of the witness. The question related to plaintiff's wife. If the fact was admissible, we are inclined to think that it was one of those matters upon which opinion evidence is receivable, from the very necessities of the case. *State v. Moelchen*, 53 Iowa, 310; *State v. Shelton*, 64 Iowa, 333; *Yahn v. City of Ottumwa*, 60 Iowa, 429; Rogers, Expert Testimony, page 5. No

description of the woman would have enabled the jury to determine whether or not her appearance was prepossessing. But it is said the evidence was not material, and therefore should not have been admitted. There is some foundation for this claim. It is well, however, to remember that the admission of immaterial evidence will not constitute reversible error, unless it appears that it might reasonably be considered in some way prejudicial. In this instance it affirmatively appears that defendant could not have been injured by the answer given. Mrs. Childs was present as a witness and gave testimony in the case. Her appearance was thus made manifest to the jury in a legitimate and proper way. What was said about it could not possibly have affected the verdict. Testimony was received over defendant's objection, as to the conduct of Mrs. Childs towards defendant; for instance, that she went on one or more occasions to his room, and requested him to arrange a bandage on her arm, which was injured. It is said that defendant was in no way responsible for what she did in this respect, unless he in some manner induced her to so act. This is true. But it was a part of plaintiff's case to show that his wife had an affection for Muckler. This could only be done by disclosing her conduct with him. This evidence was admissible, although it was necessary, in order to hold defendant in damages, to show, further, that he was wilfully responsible for the wife's feeling for him. The examples we have set out illustrate quite fairly the character of the exceptions to the testimony. We have given the case careful attention, and fail to find any prejudicial error in the various rulings on the evidence, of which complaint is made.

II. Exception is taken by defendant to the sixth instruction given the jury. It is not necessary to quote

it.   It is enough to say that we do not deem it open to the criticism made by counsel.   The jury is told that it was defendant's duty to refrain, so far as he reasonably could, from any act that he knew would have a tendency to awaken an affection on the part of Mrs. Childs for him.   It is not, as appellant claims, intimated that he should have known that common courtesy or civility would have this effect.

III.   Defendant asked an instruction embodying a correct rule of law, and which the court declined to give.   There was no error in this, however, for substantially the same thought was expressed in one paragraph of the charge as given.

IV.   It it also urged that the verdict is not sustained by the evidence.   The testimony is not altogether satisfactory.   We do not hesitate to say that, taking all the facts and circumstances into consideration, it seems to us, from reading the case, that the verdict might well have been in defendant's favor.   But more than this is necessary to warrant us in interfering on appeal.   Many of the facts and circumstances relied upon by plaintiff are not denied by defendant; the contention on his part being that these acts were mere courtesies, shown without wrong intent by him.   It was peculiarly the province of the jury to give a construction to his conduct.   Then, too, it must be remembered that the trial court was much better able to judge of the character of the witnesses and the weight of their testimony than it is possible for us to do.   It submitted the case to the jury, and, on the motion for a new trial refused to set the verdict aside.   Under the well-known rules governing our action, we do not feel warranted in interfering on this ground.   This, we believe, covers all objections made.   The judgment below is AFFIRMED.