KNOXVILLE RY. & LIGHT CO. *v.* VANGILDER.
SAME *v.* VANGILDER *et ux.*\*

(*Knoxville.* September Term, 1915.)

1. **HIGHWAYS.** **Automobile accident. Obstructions. Contributory negligence.**

A person who drove an automobile at night in a dark place on the highway so fast that he could not avoid an obstruction within the distance lighted by his lamps was guilty of contributory negligence, barring his recovery, though just before the accident the bright lights of an approaching automobile and a curve where his own light did not shine directly in the way the machine was going hindered him from seeing the obstruction. (*Post, p.* 491.)

Case cited and approved: West Construction Co. v. White, 130 Tenn., 520.

2. **NEGLIGENCE.** **Imputed negligence. Automobile accident. Husband and wife.**

The negligence of the driver of an automobile, in consequence of which the machine ran into an obstruction negligently left at the roadside by defendant, was not imputable to his wife, who was riding with him, so as to bar her right to recover for her own injuries, where it did not appear that the danger was obvious or known to her, and that she did not rely on the assumption that her husband would exercise care and caution. (*Post, p.* 492.)

Cases cited and approved: Turnpike Co. v. Yates, 108 Tenn., 429; McFadden v. Santa Ana, etc., R. Co., 87 Cal., 464; Peck v. New

---

\*As to imputed or contributory negligence of passenger riding in automobile driven by another precluding recovery against third person for injury see note in L. R. A., 1915B, 953.

Imputing negligence of one spouse to the other is discussed in notes in 14 L. R. A., 733, 8 L. R. A. (N. S.), 656.

As to the question of contributory negligence under particular state of facts see note in 1 L. R. A. (N. S.), 228.

York, etc., R. Co., 50 Conn., 379; Penn. R. R. Co. v. Goodenough, 55 N. J. Law, 577; Gulf etc., Co. v. Greenlee, 62 Tex., 344; Huntoon v. Trumbull (C. C.), 12 Fed., 844; Morris v. C., M. & St. P. R. Co. (C. C.), 26 Fed., 22; Yahn v. Ottumwa, 60 Iowa, 429; Prideaux v. Mineral Point, 43 Wis., 513; Carlisle v. Sheldon, 38 Vt., 440; Joliet v. Seward, 86 Ill., 402; Galveston, H. & S. A. R. Co. v. Kutac, 72 Tex., 643; Thorogood v. Bryan, 8 C. B., 115; Dale v. Denver City Tramway Co., 173 Fed., 787; Cotton v. Willmar, etc., R. R. Co., 99 Minn., 366; Turnpike Co. v. Yates, 108 Tenn., 428; Koehler v. Miller, 21 Ill. App., 557; L., etc., R. Co. v. Creek, 130 Ind., 139; Miller v. L., etc., R. Co., 128 Ind., 97; Bailey v. Centerville, 115 Iowa, 271; Street v. Holyoke, 105 Mass., 82; Hedges v. Kansas City, 18 Mo. App., 62; Flori v. St. Louis, 3 Mo. App., 231; Platz v. Cohoes, 24 Hun (N. Y.), 101; Shaw v. Craft (C. C.), 37 Fed., 317; Sheffield v. Central Union Tel. Co. (C. C.), 36 Fed., 164; Davis v. Guarnieri, 45 Ohio St., 470; Hoag v. N. Y. Central, etc., R. Co., 111 N. Y., 199; So. R. Co. v. King, 128 Ga., 383; Teal v. St. Paul City R. Co., 96 Minn., 379; Dudley v. Peoria R. Co., 153 Ill. App., 624; N. Y., etc., R. Co. v. Robbins, 38 Ind. App., 172; Sheffield v. Central Union Tel. Co. (C. C.), 36 Fed., 164; Chicago, etc., R. R. Co. v. Spilker, 134 Ind., 380; Reading Tp. v. Telfer, 57 Kan., 798; Denton v. Mo., etc., R. R. Co., 90 Kan., 51; Lammers v. Gt. Nor. R. Co., 82 Minn., 120; Finley v. Chicago, etc., R. Co., 71 Minn., 471; Hennessy v. Brooklyn City R. Co., 73 Hun, 569; Louisville, etc., R. R. Co. v. McCarthy, 129 Ky., 821; Williams v. Withington, 88 Kan., 809; Basler v. Sacramento Gas Co., etc., 158 Cal., 514; Hampel v. Detroit, etc., R. R. Co., 138 Mich., 1; Schultz v. Old Colony St. R. Co., 193 Mass., 309; Colorado, etc., R. Co. v. Thomas, 3 Colo., 517.

3. **HUSBAND AND WIFE.** Action by married woman. Parties. Joinder of husband.

In a married woman's action for injuries received in an automobile accident, which occurred after the passage of Married Women's Act, February 20, 1913 (Acts 1913, ch. 26), by which married women are given the right to sue in their own names, the joinder of the husband as a party plaintiff was unnecessary. (*Post*, *p.* 499.)

Knoxville Ry. & Light Co. v. Vangilder.

Acts cited and construed:   Acts 1913, ch. 26.

Code cited and construed:   Secs. 4248, 4249 (S.).

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—Von. A. Huffaker, Judge.

A. C. Grimm, for plaintiffs.

Shields & Cates and J. Harry Price, for defendant.

Mr. Justice Fancher delivered the opinion of the Court.

These two suits were tried together in the lower court and in the court of civil appeals, resulting in a verdict and judgment in favor of W. A. Vangilder for the sum of $125, and in favor of himself and wife for $250, against the defendant, Knoxville Railway & Light Company.

The cases are now before this court by writ of *certiorari,* and plaintiff in error seeks to reverse the decree of the court of civil appeals affirming the judgments.

The suit of Vangilder is for personal injuries to himself, and the suit of himself and wife is for personal injuries to his wife. They were out on the road together in an automobile, which was being operated by Mr. Vangilder. They had proceeded out on the Kingston pike, which runs from Knoxville, by Lyons

View, a distance of about two and one-half miles, had turned around, and were returning to the city, when suddenly, and as they were turning a curve in the road, a large automobile with very bright lights came into view, which lights so blinded Mr. Vangilder that he could not see well. He was running upon the right-hand side of the road, and the other automobile was also running upon its right-hand side of the road, as they approached. Just after the two machines had passed each other Mr. Vangilder ran into some barrels, pots, and metal containers left on the edge of the pike by plaintiff in error, resulting in injury to his machine and personal injuries to himself and wife. The turnpike had been coated with a substance called tarvia, which was used as a binder and coating on the macadam. The car track of plaintiff in error was along the side of the pike, there being about eighteen inches of space between it and the edge of the coating of tarvia on the pike. Plaintiff in error had some men coating this small strip of roadway between the pike proper and its car track. The tarvia was in barrels. Pots were used to heat the tarvia, and metal containers with wheels were used to convey it from the pots to the space where it was to be applied. These things were on the inside of this curve close up to the railway, and Mr. and Mrs. Vangilder did not observe any light, and in fact they testify that there was no light burning at the place where they ran into the containers, barrels, etc. The Railway & Light Company introduced evidence tending to show that the

evening before lights had been placed upon the barrels all along; but if this had been done at this particular point, the lights had evidently gone out, and we must assume in favor of the finding of the trial judge, sitting without the intervention of a jury, that there was negligence in the placing of these containers, etc., and leaving them there on the roadway without being properly lighted.

But it is stated that there was contributory negligence upon the part of Vangilder in running his machine at such speed that he was unable to stop it before running into these containers, etc., which will bar the right of recovery as to both Vangilder and wife. Mr. Vangilder testified that he was only running at the rate of twelve or fourteen miles per hour, and he and his wife testified that they were blinded by the extraordinarily bright lights on the other automobile as they were passing it and that the lights from their own machine were directed on account of the curve toward the outside of the road, so they could not see where they were driving. They testified, also, that they did not discover the obstructions until they were within a few feet of them, and that they then were so close to the obstructions that it was impossible for Mr. Vangilder to stop the machine in time to prevent the accident.

It is insisted on behalf of defendants in error that they were excused from the rule established by this court in the case of *West Construction Company* v. *White,* 130 Tenn., 520, 172 S. W., 301. In that case

it was held that, where a person drives an automobile at night in a dark place so fast that he cannot stop or avoid an obstruction within the distance lighted by his lamps, he is guilty of contributory negligence which will bar his recovery. That case held that this was true, although the defendant was guilty of negligence in leaving an unlighted obstruction in a public thoroughfare.

We see no distinction that can be drawn in this case differentiating it from the case of *West Construction Company* v. *White.*. The fact that the bright light from the large automobile was shining in the face of Vangilder, and that he was turning a curve where his own light did not shine directly in the way his machine was going around the curve, was a greater reason that he should have stopped or slowed up his machine, so as to avoid running into a place of danger.

We therefore hold that the contributory negligence of Vangilder was such as to defeat his right of recovery, and the case is reversed and suit dismissed so far as his recovery is concerned.

But a more difficult question is presented as to the recovery of Mrs. Vangilder. It is said that, inasmuch as she was not guilty of any contributory negligence, that the contributory negligence of her husband cannot be attributed to her.

It has been held in this State that, where a person while riding in the carriage of another by invitation is injured by the negligence of a third party, he may recover against the latter, notwithstanding the negli-

gence of the owner of the carriage in driving his team may have contributed to the injury, where the injured person is without fault and had no authority over the driver. *Turnpike Company* v. *Yates,* 108 Tenn., 429, 67 S. W., 69. It is stated that upon the principles announced in that case Mrs. Vangilder should also be excused from any contributory negligence of her husband in driving the automobile, for the reason that she had no control over him and was guilty of no contributory negligence. This presents a proposition which we are not advised has been heretofore directly determined in Tennessee; at least, we do not find any adjudication upon the question in any of our reported cases.

In other States there is a division of opinion. There are a number of decisions which maintain that the contributory negligence of the husband in such case will be attributed to the wife. Among these cases are the following: *McFadden* v. *Santa Ana, etc., R. Co.,* 87 Cal., 464, 25 Pac., 681, 11 L. R. A., 252; *Peck* v. *New York, etc., R. Co.,* 50 Conn., 379; *Penn. R. R. Co.* v. *Goodenough,* 55 N. J. Law, 577, 28 Atl., 3, 22 L. R. A., 460; *Gulf, etc., Co.* v. *Greenlee,* 62 Tex., 344; *Huntoon* v. *Trumbull* (C. C.), 12 Fed., 844, 2 McCrary, 314; *Morris* v. *Chicago, M. & St. P. R. Co.* (C. C.), 26 Fed., 22; *Yahn* v. *Ottumwa,* 60 Iowa, 429, 15 N. W., 257; *Prideaux* v. *Mineral Point,* 43 Wis., 513, 28 Am. Rep., 558; *Carlisle* v. *Sheldon,* 38 Vt., 440; *Joliet* v. *Seward,* 86 Ill., 402, 29 Am. Rep., 35.

In *Gulf, etc., Co.* v. *Greenlee,* supra, the court did not discuss the relationship of the parties as husband and wife. In a later Texas case it was held that, although the negligence of the driver in attempting to cross a railway track is not attributable to his wife while riding with him, she will be held to the duty of exercising ordinary care. *Galveston, H. & S. A. R. Co.* v. *Kutac,* 72 Tex., 643, 11 S. W., 127.

In *Huntoon* v. *Trumbull,* supra, the husband's knowledge of the vicious character of a horse, which ran away, was declared the knowledge of the wife, who was injured while riding with him, but the relationship of husband and wife was not mentioned as an element in the case.

In *McFadden* v. *Santa Ana, etc., R. Co.,* supra, the holding is based upon the ground that under the law in California the right of damages for injury to the wife while riding with her husband is community property, and the right being joint the contributory negligence of the husband will bar the joint right of action for negligence of a third party.

In *Pa. Ry. Company* v. *Goodenough,* supra, the court held that the common-law rule is in force in New Jersey and reinforced by the practice act of that State; the husband has not only the right to sue for the wife for personal injuries, but has a power coupled with an interest in the suit, having the right to release and compromise the case, and it is upon the ground of this joint action and his power over the suit and interest in it that the negligence of the husband will defeat

the right of action for injuries to the wife. There is a strong dissenting opinion in the *Goodenough Case*.

In *Carlisle* v. *Sheldon, Peck* v. *New York, etc., R. R. Co., Joliet* v. *Seward,* and *Yahn* v. *Ottumwa,* supra, it was held that, while the negligence of the husband driving would be imputed to the wife riding with him, it was on the relation of driver and passenger, and not that of husband and wife. In *Carlisle* v. *Sheldon,* it was said:

"The wife stands in no different position . . . from that which she would occupy if the driver of the vehicle in which she was riding had been some one employed for that purpose, instead of her husband."

It will be observed that in a number of these cases holding that the wife must answer for the contributory negligence of her husband it was upon the ground that any person riding with another, thereby placing himself or herself within the care of the driver, must be answerable for the neglect or failure of the one driving. That doctrine has not been adhered to in this State, but we have adopted in Tennessee what is now considered the majority holding, as is pointed out in *West Construction Company* v. *White,* supra.

The rule that the occupant of a vehicle will be imputed with the negligence of the driver has for its basis the leading case of *Thorogood* v. *Bryan,* 8 C. B., 115; but the authority of that case has often been denied in other jurisdictions and was overruled finally by the English courts. The Bernina, L. R. 12 Prob.

Div., 58. The doctrine of *Thorogood* v. *Bryan* has now been quite generally discarded as unsound, and the negligence of the chauffeur or driver of an automobile or carriage is not imputable to the person riding in the vehicle. *Dale* v. *Denver City Tramway Co.,* 173 Fed., 787, 97 C. C. A., 511, 19 Ann. Cas., 1223; *Cotton* v. *Willmar, etc., R. R. Co.,* 99 Minn., 366, 109 N. W., 835, 8 L. R. A. (N. S.), 643, 116 Am. St. Rep., 422, 9 Ann. Cas., 935; *Turnpike Co.* v. *Yates,* 108 Tenn., 428, 67 S. W., 69.

The better rule in cases of husband and wife, and the one now most generally accepted by the courts, is that the negligence of the husband cannot be imputed to the wife to prevent recovery by her for injuries she has received. 1 Thompson on Neg., sec. 504; *Koehler* v. *Miller,* 21 Ill. App., 557; *L., etc., R. Co.* v. *Creek,* 130 Ind., 139, 29 N. E., 481, 14 L. R. A., 733; *Miller* v. *L., etc., R. Co.,* 128 Ind., 97, 27 N. E., 339, 25 Am. St. Rep., 416; *Bailey* v. *Centerville,* 115 Iowa, 271, 88 N. W., 379; *Street* v. *Holyoke,* 105 Mass., 82, 7 Am. Rep., 500; *Hedges* v. *Kansas City,* 18 Mo. App., 62; *Flori* v. *St. Louis,* 3 Mo. App., 231; *Platz* v. *Cohoes,* 24 Hun (N. Y.), 101, affirmed in 89 N. Y., 219, 42 Am. Rep., 286; *Shaw* v. *Craft* (C. C.), 37 Fed., 317; *Sheffield* v. *Central Union Tel. Co.* (C. C.), 36 Fed., 164; *Davis* v. *Guarnieri,* 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548; *Hoag* v. *N. Y. Central, etc., R. Co.,* 111 N. Y., 199, 18 N. E., 648; *So. R. Co.* v. *King,* 128 Ga., 383, 57 S. E., 687, 11 L. R. A. (N. S), 829, 119 Am. St. Rep., 390; *Teal* v. *St. Paul City R. Co.,* 96 Minn., 379,

104 N. W., 945; *Dudley* v. *Peoria R. Co.*, 153 Ill. App., 624; *N. Y., etc.; R. Co.* v. *Robbins*, 38 Ind. App., 172, 76 N. E., 804; *Sheffield* v. *Central Union Tel. Co.* (C. C.), 36 Fed., 164; *Chicago, etc., R. R. Co.* v. *Spilker*, 134 Ind., 380, 33 N. E., 280, 34 N. E., 218; *Reading Tp.* v. *Telfer*, 57 Kan., 798, 48 Pac., 134, 57 Am. St. Rep., 355; *Denton* v. *Missouri, etc., R. R. Co.*, 90 Kan., 51, 133 Pac., 558, 47 L. R. A. (N. S.), 820, Ann. Cas., 1915B, 639; *Lammers* v. *Gt., Nor. R. Co.*, 82 Minn., 120, 84 N. W., 728; *Finley* v. *Chicago, etc., R. Co.*, 71 Minn., 471, 74 N. W., 174; *Hennessy* v. *Brooklyn City R. Co.*, 73 Hun, 569, 26 N. Y. Supp., 321; *Louisville, etc., R. R. Co.* v. *McCarthy*, 129 Ky., 821, 112 S. W., 925, 19 L. R. A. (N. S.), 230, 130 Am. St. Rep., 494; *Williams* v. *Withington*, 88 Kan., 809, 129 Pac., 1148; note to *Basler* v. *Sacramento Gas Co., etc.*, 158 Cal., 514, 111 Pac., 530, Ann. Cas., 1912A, 647; *Hampel* v. *Detroit, etc., R. R. Co.*, 138 Mich., 1, 100 N. W., 1002, 110 Am. St. Rep., 286.

In *Platz* v. *Cohoes*, supra, the negligence of the husband, who was driving the carriage, was held not imputable to his wife, who was injured while riding with him under circumstances quite similar to the present case. A number of these cases are directly in point.

We see no reason why the negligence of the husband should be attributable to the wife under the circumstances in this case. The reasoning applied in cases holding that the negligence of the driver will be imputed to the rider in some instances was that the

132Tenn.32

driver was the servant of the one riding with him and under the control of the master. That is undoubtedly a sound distinction, where the one driving is under the control of another person and is only carrying out that person's orders, and the one riding in such case should be held chargeable with the negligence of his servant. This distinction, however, cannot apply as between husband and wife, because the wife has not that direction and control, and is not chargeable with the manner of driving, or in directing how the driving shall be done, as appears in the cases referred to. It is not supposed that the wife has charge over matters of this kind. She rather relies upon her husband, and trusts to his guidance and protection. If he blunders, why should she be chargeable, when she is without fault?

Of course, if an adult, who while riding in a vehicle driven by another sees, or ought by due diligence to see, a danger not obvious to the driver, or who sees that the driver is incompetent or careless, or is not taking proper precautions, it is his duty to give some warning of danger, and a failure to do so is negligence. Ordinarily, however, a driver is intrusted with caring for the safety of a carriage and its occupants, and unless the danger is obvious, or is known to the passenger, he may rely upon the assumption that the driver will exercise proper care and caution. *Schultz v. Old Colony St. R. Co.*, 193 Mass., 309, 79 N. E., 873, 8 L. R. A. (N. S.), 597, 118 Am. St. Rep., 502, 9 Ann.

Cas., 402; *Colorado, etc., R. Co* v. *Thomas,* 3 Colo., 517, 81 Pac., 801, 70 L. R. A., 681, 3 Ann. Cas. 700.

We think this rule that the rider should exercise diligence when proper to do so would also devolve upon the wife riding with her husband. If the wife should see a danger not apparent to the husband, or observe that he was about to run into danger, it would be her duty to notify him, or else she would be chargeable with neglect of her own safety, which in some cases might bar her right of recovery for injuries received.

But in the present case there was nothing that the wife could have done in the emergency presented which would have altered the situation, trusting as she was to her husband's guiding the car in safety, and we think that his negligence cannot be imputed to her under these circumstances.

We might further add that in this State the husband cannot dismiss the suit in the name of husband and wife for any cause without the consent of the wife in writing, and then only in term time. Shannon's Code, secs. 4248, 4249. There is no such interest of the husband in the recovery in this State, or in the control over the litigation, as would bring the case within the reasoning applied in the *Pa. R. Co.* v. *Goodenough Case.* In this State the recovery is distinctly that of the wife, and the husband cannot control the litigation. It has been proper heretofore for the husband to join in the action according to the rules of common law. This suit, however, was brought after the passage of the Married Women's act of February

20, 1913, which emancipates married women from the disabilities of coverture and gives them the right to sue in their own names went into effect. Acts 1913, ch. 26. The joinder of the husband was therefore unnecessary.

The case will be affirmed as to the recovery of Mrs. Vangilder.