WALTON v. DUKE et al. (two cases).
ROBERTSON v. DUKE et al.—207 S. W. (2d) 595.

Middle Section.    November 1, 1947.

Petition for Certiorari denied by Supreme Court, January 16, 1948.

Joe B. Weems and W. C. Cook, both of Dickson, for plaintiffs in error.

F. S. Hall, of Dickson, and Lindsey Davis, of Nashville, for defendant in error.

HOWELL, J.   These cases are suits for damages growing out of a collision between a truck driven by J. W. Walton, on which the plaintiffs were riding, and a truck belonging to the defendants, on Highway No. 48 in the town of Charlotte, Tennessee, in Dickson County.

The cases were consolidated and upon the first trial before the Court and a jury, the jury disagreed.   Later by agreement of counsel the cases were again tried by the Court without the intervention of a jury and were dismissed by the trial Judge.

After proper procedure the cases were appealed in error to this Court, assignments of error and briefs filed and submitted without argument.

It is insisted for the plaintiffs that they were riding on the truck driven by Walton, who was driving at a low rate of speed Northwardly on Highway 48 in the town of Charlotte, in low gear and on his right side of the pavement, when a truck belonging to the defendants driven by one of their servants, heavily loaded with lime, proceeding Southwardly along the same highway and around a curve at a high rate of speed and on its left side of the road, carelessly and negligently ran into the truck upon which they were riding and caused the injuries complained of.

It is insisted for the defendants that the truck upon which plaintiffs were riding had been driven off on its left side of the highway and stopped at a filling station to get gas, that Walton's truck was parked behind a large trailer truck and after getting gas the driver of Walton's truck drove it out from behind this big trailer truck, directly into the highway in front of defendants' truck which was proceeding at a moderate rate of speed and on its proper side of the highway, the front end of

Walton's truck striking the right side of the defendants' truck.

A number of assignments of error have been filed which raise the questions, that there is no evidence to support the finding of the trial Court, that the finding is against the preponderance of the evidence and that the Court erred in imputing the negligence of Walton to these plaintiffs.

The assignment of error that there is no evidence to support the finding of the trial Court, requires this Court to ascertain whether or not there was any material, substantial evidence upon which the finding was based. We do not deem it necessary to include in this opinion a full discussion of all the evidence. An examination of the record discloses that there are sharp conflicts with respect to material issues of fact.

There is positive testimony of more than one witness that the driver of Walton's truck drove out into highway No. 48 from behind the large Boillin and Harrison trailer truck, parked backed into the service station, and directly in front of the defendant's truck which was travelling South on its right hand side of the pavement at a moderate speed.

It does not appear that the driver of defendant's truck was guilty of any negligence or was violating any law or rule of the road at the time of the accident.

The Walton truck pulled out from behind this large trailer truck from the West side of the highway, headed East, the defendants' truck was pulled to its left in an effort to avoid hitting Walton's truck but without success, and the front end of Walton's truck struck the right front fender of defendants' truck behind the right front wheel. This state of facts is also corroborated by the physical

facts as shown by the photographs which are filed as exhibits. There is conflicting testimony about the speed of the trucks and the distance between them when the Walton truck entered the highway, but the material fact is that Walton pulled out from behind the big trailer truck and entered the pavement too late for the driver of the defendants' truck to avoid an accident. We are of the opinion that the material, substantial evidence supports the finding of the trial Judge that the defendants' truck was not going at an excessive speed, the driver was not guilty of any negligence and that the driver of Walton's truck, by driving out into the highway in front of defendants' truck did not exercise even ordinary care and was guilty of gross negligence which was the sole and proximate cause of the accident.

In this case there was conflicting testimony and the trial Judge saw and heard the witnesses and observed their manner and demeanor while testifying and is in a muchbetter position to determine the value of and the weight to be given their evidence than is this Court. The trial Judge found that the defendants were guilty of no negligence and the evidence does not preponderate against his judgment.

Section 10622 of the Code of Tennessee is in part as follows:

"Presumptions and transcript.—In all cases taken by appeal or otherwise to the court of appeals from any lower court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree."

There is an assignment of error that the Court erred "in imputing any of the alleged faults or negligence of the driver of Walton's truck to the plaintiffs."

This question is not fully discussed in the briefs and argument but the case of Knoxville Railway & Light Co. v. Vangilder, 132 Tenn. 487, 178 S. W. 1117, L. R. A. 1916A, 1111, is referred to. In that case an obstruction had been *negligently* left upon the highway and the driver of another automobile drove his car in the night so fast that he did not see this obstruction in time to stop and was guilty of contributory negligence which was not imputable to his wife who was a passenger in his car.

In this case we find that the defendant was guilty of no negligence and that the sole cause of the accident was the gross negligence of the driver of Walton's truck.

The assignments of error are overruled and the judgment of the trial court dismissing the suits is affirmed.

The plaintiff in error will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.