BALLARD & wife versus RUSSELL.

The statutes enlarging the rights of married women, as to property, do not extend to rights of action for tort.

To recover for an injury sustained by a married woman through the mal-practice of a surgeon, the husband *must* be a party to the suit.

The previous desertion of the wife by the husband does not remove the necessity that, in such a suit, he should join as co-plaintiff.

A discharge of the cause of action, given by such husband to the defendant, is a bar to such a suit, when brought in the joint names of the husband and wife.

ON REPORT, from *Nisi Prius*, WELLS, J. presiding.

CASE for an injury to the female plaintiff, by mal-practice of the defendant, in attempting to reduce a fracture of the forearm and dislocation of the wrist. The husband prior to the injury had deserted the wife, and for eight years had made no provision for her support. He resided in the same town, and in co-habitation with another woman.

The defendant introduced an unsealed discharge, signed by the husband, and given prior to the suit, stating that he had received of the defendant, fifty dollars, in full for the injury. The counsel for the female plaintiff, then offered a document, (of one day's date later than the discharge,) by which the husband assigned to the wife the cause of action, and empowered her to collect the same for her use, and to make all needful use of his name. The case was taken from the jury and submitted to the Court. If the Court should conclude that the discharge given by the husband to the defendant would defeat the action, the counsel moved to amend, by striking the husband's name from the writ, and that thereupon the action should stand for trial.

WELLS, J., orally. —

It is suggested that the discharge by the husband to the defendant was obtained through fraud. The Court cannot yield to that suggestion. If the plaintiffs would have availed themselves of it, the question should have been submitted to the jury.

By the common law, both husband and wife must join to

maintain an action like the present. This case does not come within any exception to the principles stated. The husband has not abjured the realm ; and the facts stated in the report of the case, do not deprive him of the power to control the action nor to discharge the cause of it.

The statutes giving additional rights and remedies to married women, relate to property, and do not apply to this case. Hence the proposed amendment, by striking out the name of the husband, would be of no advantage to the wife.

It appears that the husband, the day after he had discharged the cause of action, gave his wife a written power of attorney to prosecute the claim for her own benefit. But the cause of action having been previously discharged, could not be revived by such an instrument.

It results that the action cannot be maintained, and the plaintiffs must be called.