## Tibbs et uxor *versus* Brown et uxor.

1. Where there are special pleas and a general traverse, there should be a verdict on each of the issues.

2. In an action for slander, evidence of the good character of the plaintiff is not admissible unless it has been attacked by the defendant.

3. A person cannot join in the commission of an injury, or lead others to do it, and then be a party plaintiff, in claiming compensation for it, from those whom he has misled.

4. Where slanderous reports, concerning the wife, are circulated at the instance or by the management of her husband, the husband and wife cannot maintain an action for the slander, nor can the wife sue alone.

ERROR to the Court of Common Pleas of *Fayette county*.

This was an action of slander, for words spoken by the defendant, Lucinda Tibbs, concerning Lavinia Brown, one of the plaintiffs. The words charged were, " you are an old whore, you had better go and sleep with Jack Webster again." The defendant pleaded "not guilty," and the following special pleas:

1st. And the said defendants for further plea in this behalf, by leave of the court, further saith, that the said plaintiffs ought not to have and maintain their said action in this behalf, because they say, that the charges contained in the said several counts of the plaintiff's declaration were first published, spoken, and declared by the said Jackson Brown, one of the plaintiffs, and that the said charge was communicated by the said Brown and others upon his authority and information, to the said Lucinda Tibbs, one of the defendants, and that the said Lucinda, relying upon the information of the said Jackson Brown, and believing the same to be true, innocently, and without any malice on her part, republished and spoke the same, and of this the said defendants put themselves upon the country. Whereupon they pray judgment whether the said plaintiffs, &c.

2d. And for a further plea in this behalf, the said defendants further say, that the said plaintiffs ought not to have and maintain their said action in this behalf, because they say that the said words and the charge imputed thereby, contained and set forth in the plaintiff's declaration, were spoken and published, and procured to be spoken and published, by the said Lucinda Tibbs, as in said declaration mentioned, by the fraud and covin

[Tibbs et uxor *v.* Brown et uxor.]

of the said Jackson Brown, for the purpose of subjecting the said Lucinda to an action for damages for the speaking of the said alleged slanderous words, and this they are ready to verify, wherefore they pray judgment," &c.

On the trial of the cause, the words were proved to have been spoken as laid, in the fall of 1848, or spring of 1849. On the part of defendants, it was proved that Jackson Brown, one of the plaintiffs, had originated the charge himself; said that he had caught several persons having intercourse with his wife, and informed Mrs. Tibbs, who is his mother, that he would not have married the damned old whore, if it had not been for her.

It was also proved by defendants, that Jackson Brown said he had laid a plan to make Mrs. Tibbs pay for the words she had spoken; that he had laid a plan to get their "stony batter," (a small tract of land on which the defendants resided;) and that he had said he had offered his mother five dollars to catch his wife and Jack Webster.

The plaintiffs then offered to prove the general good character of Lavinia Brown. Defendants object. Objection overruled, and exception by defendants.

The plaintiffs then offered to prove the general character of Jackson Brown; that anything uttered by him was unworthy of belief, and that his character was known to Mrs. Tibbs. Defendants object. Objection overruled, and exception by defendants.

On the trial, defendants requested the court to charge the jury—

"1st. That if Jackson Brown, one of the plaintiffs, communicated to his mother, Lucinda Tibbs, the charge contained in the declaration, that her repetition of it, afterwards, ought to subject the defendants to only nominal damages.

"2d. That if Jackson Brown himself originated the charge contained in the declaration, and communicated it to Lucinda Tibbs, who afterwards confiding in his said representation, repeated the same, he cannot complain of such repetition; he cannot found a cause of action on a loss or injury towards which he has contributed by his own act. Having induced others to act on his information and representations, he is estopped from alleging to the contrary, for the purpose of maintaining this action, and the verdict should, therefore, be for defendants.

"3d. That if the plaintiff, Jackson Brown, communicated the charge contained in the declaration to his mother, for the purpose of entrapping her into a repetition of it, so as to enable him to maintain an action against her to recover damages, he cannot maintain such action. He cannot take advantage of his own wrong and fraud."

In answer to these points, the court say:

[Tibbs et uxor *v.* Brown et uxor.]

" 1st. If the jury believe that Jackson Brown originated the charges complained of in the declaration, and defendant, Mrs. Tibbs, merely repeated them, this ought to mitigate the damages, but the plaintiff has a right, if the evidence is believed, to recover more than mere nominal damages.

" 2d. We merely say, that if defendant did not originate the charges contained in the declaration, it will go in mitigation. How far, depends much, on the credence she gave to them. *If she did not believe* them, and afterwards repeated them, the reduction for want of capacity to originate, ought to be small.

" 3d. If there had been a conspiracy between Jackson Brown *and his wife* to entrap the defendants, for the sake of damages, no damages could be recovered; *but unless his wife* united with him, his designs or objects, will not prevent a recovery. The husband cannot be permitted to sacrifice the character of his wife for his own gain."

To this charge defendants except, and assign the same for error.

*Miller, Donner,* and *Wells,* for plaintiffs in error, referred to Shep. Touch. 332 ; 2 Roll. Ab. tit. Release, p. 134 ; 4 Vin. 44 ; 1 Salk. 326 ; 1 Chit. Pl. 62 ; 12 S. & R. 76 ; Reeves, Dom. Rel. 20 ; 6 Term, R. 680 ; Broom's Leg. Max. 127, 317, 320, 351.

————, for defendants in error, referred to 4 Stark. Ev. 877, 707, note 2, and 713, note 1 ; 3 Pick. 63, 5 Id. 427 ; *Binns* v. *McCorkle,* 2 Brown, 89 ; *Hash* v. *Ringwalt,* 3 Y. 508 ; *Davis* v. *Lewis,* 7 Term, R. 17 ; *Kennedy* v. *Gregory,* 1 Binn. 87.

The opinion of the court was delivered September 27, 1853, by

LOWRIE, J.—One wife slandered another, and the defence below was, that the husband, plaintiff, originated the slander against his own wife, and also, that he fraudulently led the defendant's wife into the publication of it ; and there are two pleas to this effect, besides a general traverse. Under such circumstances, there should have been a verdict on each of these issues. Then, probably, the plaintiff would have had a verdict for damages on the general issue, and the special ones, would have been found in favor of the defendant. Then who would have had the judgment ? The plaintiff, of course, if the facts pleaded specially, did not amount to a defence, and the defendant, if they did ; and at all events, we could have decided this case without a new trial ; or if the plaintiff considered the special pleas insufficient as a defence, they ought to have demurred to them. It was quite unartistic, to exclude as a defence, the mat-

[Tibbs et uxor *v*. Brown et uxor.]

ters pleaded as a defence, for they were the issue of fact, which the parties had submitted to the jury to be decided.

The defendant did not attack the character of the plaintiff's wife, and therefore it was error to admit evidence to sustain it.

It was equally erroneous, to admit evidence of the bad character of the plaintiff's husband, in order to show that the defendant ought not to have relied or acted on his slanders of his own wife; and the principle of this question involves the points submitted by the defendant's counsel as instructions to the jury. It is impossible to allow that one can join in the commission of an injury, or lead others to do it, and then be a party plaintiff, in claiming compensation for it, from those whom he has misled. If Brown did so, he can maintain no action, and without him, his wife cannot sue, and the law cannot regard the husband as a mere name, in matters where the wife is concerned.

The court ought to have proceeded upon the principle that, where an injury arises from mutual fault, there can be no recovery; and to have affirmed the defendant's second and third points.

This is hard indeed, but it is a consequence of the unworthy connection which this plaintiff's wife has formed. So long as that relation continues, we cannot relieve her from its natural results. It may be possible, that the more the evils incident to the marriage relation are attempted to be cured by law, the fewer will be its virtues and blessings.

It is divested of its noblest characteristics, when the trustfulness and mutual reliance of husband and wife are invaded, and their interests and lot are divided by law. It is the central relation of society, most deeply religious in its character, and human legislation ought always to approach it with cautious reverence.

It could add nothing to its sacred character or to its harmony, to allow a wife to recover damages for an injury, occasioned in part, by her own husband. The Act of 1848 has no influence on the case.

Judgment reversed, and new trial awarded.

BLACK, C. J., and LEWIS, J., dissented.