CHIER JUSTICE DUVALL
delivered the opinion oe the court:
This was an ordinary action brought by Susan D. Matson vs. W. D. Matson, in the Boone circuit court, to recover the possession of two slaves which, the plaintiff alleges, 'were devised by the will of her father to her separate use, and which are in the possession of the defendant, who refuses to deliver them. She also, by appropriate affidavit claimed the immediate delivery of the slaves, as provided by section 207 of the Code.
The defendant answered, setting up two grounds of defense. First, that the plaintiff is a married woman, the wife of the defendant, and was such at the institution of the suit; and that the legal title to the slaves is in him, as the trustee of his wife. Second, that before the institution of this action, the plaintiff had brought suit against him in the Kenton circuit court for the same slaves, which was then still pending.
The plaintiff’s demurrer to the answer was sustained, and the defendant failing to answer further, judgment was rendered against him for the slaves, to reverse which he has appealed.
The right of the appellee to maintain this action, and to the relief granted her by the judgment, is conferred, as her-counsel insist, by section 49 ofdhe Civil Code, which provides that “where' a married worñan is a party, her husband must be joined with her, exceptjhat where the action concerns her separate property, she may sue alone, and where the action is between herself and her husband, she mag*sue or be sued alone.”
*264 It is clear, however, that this provision relates merely to the form of procedure in the cases mentioned, and is but a substantial re-enactment of the pre-existing rules of practice, except in a single particular. Formerly the general rule was that where the wife was a party, either plaintiff or defendant, it was necessary that the husband should be joined with - her.
But in a suit by the wife concerning her separate property, the approved practice was for her to sue as sole plaintiff, by her next friend, making the husband a party defendant. (Story's Equity pleadings, sec. 63.) So, in a suit in equity by the wife to enforce some equitable right againts her husband, as she could not act under his advice or protection, she was allowed to seek the protection of spme other person, in whose name, as her next friend, the bill was exhibited, (Ib. 61.)
To dispense with the necessity for the intervention of a next friend where the action concerns the separate property of the wife, or where the action is between herself and her husband, was the only object of the section referred to; and such is its only effect. It confers no new right of action.
On what principle, then, is the right of the wife to recover, as against her husband, the possession of 'the slaves in contest in this action to be maintained? It is true that by the will of her father the slaves were devised to her, for her separate use, free from the control of her present or any future husband. But, for aught that appears in the record to the contrary, the parties were, at the time this suit was commenced, and the judgment rendered, living harmoniously together, as husband, and wife.
The natural and legal presumption that they are so living together is not repelled by the mere statement in the petition that she resided in Kenton county, and that he had possession of the slaves in Boone county. His possession of the slaves there may have been for a temporary purpose, and certainly does not of itself authorize the deduction that he resides there. His residence must be regarded as her residence, in the absence of any explicit averment to the contrary.
Nor is it alleged, or even intimated, in the petition, that the possession of the slaves by the defendant is in any way injur *265 ious or prejudicial to her rights as beneficial owner. The case as presented by the record is simply that of a wife suing the husband for slaves belonging to her, and the possession of which he refuses to deliver to her, no other ground of relief, legal or equitable, being suggested.
Should either a court of law or equity grant relief in such a case? It seems to us that the most obvious considerations of public policy, to say nothing of the reciprocal rights and duties pertaining to the relation subsisting between the parties, furnish a conclusive response to this question. For, although there are cases in which a court of equity will lend its aid, in the adjustment of conflicting claims arising between husband and wife with respect to their property, yet it is the policy of the law, founded on ajust regard to the repose and sanctity of dorhestic life, rather to restrict than enlarge this class of cases. The necessity must be made clearly apparent before the aid of the chancellor can be successfully invoked by either party.
In the present case, the husband must, upon well settled principles, be regarded as the trustee of the wife, and is clothed with the legal title to the slaves for her sole use, having himself no beneficial interest, according to the terms of the will which created the separate estate. Such being his attitude, a court of equity would undoubtedly hold him accountable for any violation of his trust in unconscientiously depriving the cestui que trust of any substantial right conferred on her by the will under which she claims. But is the mere possession of the slaves by the husband and trustee, without any explanation of the manner in which he acquired the possession or of his motives and objects in retaining it, such an abuse of his trust as would authorize the interposition of the chancellor? We think not. The legal presumption is, that his possession of the slaves was consistent with her rights and interests, and that they were retained and used by him for her benefit.
This, however, was not atproceeding in equity, but, as already shown, an ordinary action, the plaintiff claiming the immediate delivery of the property under the provisions of the Code regulating the proceedings in such cases. It is hardly necessary to add that, if she had a right of action at all against *266 her husband, it could only have been asserted in equity. And as her petition failed .to set out any equitable ground of relief, the first and second paragraphs of the answer presented a suf‘ficient defense to the action.
It has not been deemed necessary to notice the several authorities relied oh by counsel for the appellee. It is sufficient to say that none of the cases cited are in point, and that they wholly fail to sustain the position contended for. In Van Sickle vs. Van Sickle, (Howard’s Practice Rep.,) the sole question was upon the construction of that provision of the New York Code which authorizes the submission of an agreed case to the court. It is distinctly stated in the opinion, that the court were not called on to decide whether the action was properly-brought, or could have been maintained on the facts agreed. The case in 29 Barbour, 512, merely decides that husband and wife cannot, under the Code, maintain an action in their joint names to recover for the conversion of the separate property of the wife, but that, she must sue alone.
The judgment is therefore reversed, and the cause remand-éd with directions to overrule the demurrer to the first and second paragraphs of the answer, and for further proceedings not inconsistent with this opinion.