JUDGE COFER
delivered the opinion oe 'the court.
Being the owner of a tract of land derived by descent from her father, the appellant and her husband attempted, before she attained her majority, to convey it to appellee, in exchange for a tract of land conveyed by him to her.
Becoming dissatisfied with the trade, she brought this suit in her own name, by her next friend, to have the deed to appellee canceled. She alleged that her husband refused to unite with her in the suit, and therefore she made him a defendant, and offered to reconvey to appellee the land conveyed by him to her.
To this appellee answered, among other things, admitting that appellant was under twenty-one years of age when she joined with her husband in making the deed, but denying her right to sue in her own name alone, or that her husband had refused to unite with her in the suit, and insisting that the deed was valid as to her husband; that if he survives her, he will be tenant by the curtesy; and that her husband having power over the land as husband, she can not recover it during his life. ,
*261 The circuit court dismissed appellant’s petition on the ground, as stated in the judgment, “that no notice or demand having been given by plaintiff before instituting this suit, the same is prematurely brought.”
It is now insisted in support of the judgment not only that the suit was prematurely brought, but that if notice to quit had been previously given, the judgment is right on the merits — -first, because proper objections having been taken in the court below, the appellant can not maintain the suit without uniting her husband with her as .plaintiff; and second, that if she could, her husband having conveyed the land, and-being therefore barred of any action to recover it, she is also barred during his life.
1. Section 49 of the Civil Code provides that “where a married woman is a party her husband must be joined with her, except that when the action concerns her separate property she may sue alone; and where the action is between herself and her husband she may sue or be sued alone.” This action is not concerning her separate property; and if it can be sustained in her name alone under this section, it must be because it is an action between herself and her husband, within the meaning of the second clause of the section supra.
The deed to appellee contains a covenant of general warranty; and if appellant succeeds in recovering the land, there will be a breach of that covenant, on which the husband will become liable to his vendee, and he is therefore interested in the failure of her suit. Having in this way an interest antagonistic to the interest of his wife, we think the case falls within the spirit if not within the strict letter of the provisions of the statute, and that she may maintain the action in her own name, and that the .intervention of a next friend was unnecessary. (Matson v. Matson, 4 Met. 262.)
2. Section 1, article 2, chapter 47, of the Revised Statutes provides that marriage shall give the husband during' the life *262 of the wife no estate or interest in her real estate except the use thereof, with power to rent it for not more than three years, and receive the rent.
The husband’s deed then passed to his vendee no estate during the life of the wife, except the right to its use for a period not exceeding three years, and after the expiration of that time it conferred on him no right whatever as against the wife.
The obvious purpose of the statute was to disable the husband from putting the real estate of the wife beyond his control or the rents beyond her reach for a greater period than that prescribed; and that period having long since terminated, the deed presents no obstruction to her recovery. What effect it may have as against the husband, should he ever become tenant by the curtesy, we need not now decide. All we do decide is that it is ineffectual as to her.
It matters not that she does not show herself entitled to demand an equitable settlement. She is asserting a legal right, and the chancellor will not deny it to her because she does show that she is in need of it.
To allow that the deed of the husband will bar the wife’s action to recover her land, conveyed by him in contravention of the statute, would be to set his acts above the law of the land, and to render a beneficent statute, enacted for the protection of married women in the enjoyment of their real estate, wholly nugatory. We can not give our consent that the legislative will may be so defeated, nor that it may be subordinated to the will of the husband, subject to the power of the chancellor to give relief to the wife when she may be able to show that she needs the rent for a support. Her right is clearly recognized by the legislature, and must be sustained and protected by the courts.
3. We do not think either a demand of possession or notice to quit was necessary. There was no relation of landlord and *263 tenant between tbe parties. Appellee was in possession under an executed contract, claiming adversely to the appellant. In such case no demand or notice is necessary. (Isaacs v. Gearheart, 12 B. Mon. 235.)
That no deed reconveying to appellee the land'conveyed by him to appellant was tendered will not defeat the right of the latter in this suit. It is always in the power of the chancellor in such cases to order such conveyances to be made as are necessary to do complete justice to all the parties before him.
The allegation that appellant’s-husband had refused to join with her in the suit was not a traversable fact, and the issue made thereon was immaterial.
Wherefore the judgment dismissing appellant’s petition is reversed,- and the cause is remanded for further proceedings not inconsistent with this opinion.