CASE 18—PETITION ORDINARY—SEPT. 24.

## Anderson v. Anderson.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. THE HUSBAND HAS POWER TO RELEASE BEFORE PAYMENT damages growing out of torts to the person or reputation of his wife, and if collected during his life, he may, by reducing them to possession, make them his absolute property.

2. *Wife can not sue alone.*—With the exception named in section 51 of the Civil Code our statutes have continued in force the common-law rule that "when an injury is committed to the wife during coverture by battery, slander, etc., the wife can not sue alone in any case, and the husband must join if the action be brought for the personal suffering or injury to the wife." (Chitty's Pl. 74.)

3. A NEXT FRIEND IS NOT ALLOWED TO PROSECUTE A SUIT IN THE NAME OF AN INFANT WIFE AGAINST THE WISHES OF HER INFANT HUSBAND.

A suit was brought by one as next friend of a husband and his wife, both of whom were infants, to recover damages for a battery on the person of the wife. The husband, who was living separate from his wife, refused to sanction the use of his name as plaintiff, and on his motion it was stricken out. The court properly refused to permit the suit to be prosecuted in the name of the wife alone, or to make the husband a defendant; and, considering his age, it was not a case where a next friend could prosecute the suit against his wishes.

L. W. ANDREWS, } . . . . . . . . . . For Appellant,
E. C. PHISTER,  }

CITED

Reeves's Domestic Relations, side page 63.
Civil Code, sec. 53.     1 Chitty's Pleadings, 73.

APPERSON & REID, ⎫
W. S. BOTTS, . . .⎭  . . . . . . . . .  For Appellee,

CITED

Civil Code, secs. 49, 51.
1 Chitty's Pleading, 83.
2 Mar. 601; Wilson v. McGee.
1 Bishop on Married Women, secs. 910, 912.
8 Ohio, 594, Coolidge and wife v. Paris.
2 Grant (Pa.) 39, Tibbs v. Brown.
2 Mon. 56, Smalley v. Anderson.
2 Hill, 260, Beach v. Beach.
4 Blackf. 453, Yeates v. Reed.
4 Cushing, 273, Austin v. Wilson.
8 T. R. 545, Marshall v. Rutton.
1 Coke's Institutes, 132.
2 Pr. Wms. 518.          3 Pr. Wms. 142.
5 Dana, 516, Longnecker v. Greenwade.
2 Mar. 344, Shield's heirs v. Bryant.
2 J. J. Mar. 82, Turtle v. Muncy, &c.
4 B. Mon. 323, Bybee v. Tharp.
3 Bush, 132, Stith v. Patterson.
38 Maine, 196, Ballard v. Russell.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

John B. McCrary, acting as the next friend for Henrietta and Charles Anderson, who were husband and wife, and at the time both under the age of twenty-one years, caused this action to be instituted against Peter H. Anderson, to recover damages for an alleged battery upon the person of the female plaintiff, Henrietta, committed during her coverture. Upon preliminary proceedings it turned out that McCrary had used the name of the husband, Charles Anderson, without authority, and finally said Charles appeared in court and repudiated the action of McCrary, and upon his motion his name was stricken from the petition as one of the plaintiffs. Appellants then moved the court to allow them to prosecute the action in the name of the wife alone. This motion was overruled. They then asked to be permitted to make the husband a party defendant. The court refused the permission asked, and then

dismissed the petition. This judgment we are asked to reverse.

Section 49 of the Civil Code of Practice provides that—

" Where a married woman is a party her husband must be joined with her, except that when the action concerns her separate property she may sue alone; and where the action is between herself and her husband, she may sue or be sued alone."

Section 51 provides that—

" Where a husband, being a father, has deserted his family, the wife, being a mother, may prosecute or defend in his name any action which he might have prosecuted or defended, and shall have the same powers and rights therein as he might have had."

The female plaintiff in this case does not show that she is entitled to prosecute the action, under either of the exceptions set out in the two sections quoted. The action does not concern her separate estate. It is not between herself and husband, nor are their rights and interests necessarily so far antagonistic as to render it proper to make the husband a defendant.

While it does appear that the husband and wife are living separate and apart, and whilst it might be inferred that the husband had deserted her, or rather compelled her to leave his house and home, it does not appear either that he is a father or that she is a mother.

This case differs essentially from that of Hardin v. Gerard (10 Bush, 259). There the husband had sold and conveyed, with covenants of general warranty, the wife's real estate. In an action by her to recover the possession of such estate, the husband's interest was to support his covenant of warranty. It was therefore antagonistic to that of the wife, and as he refused to join as plaintiff he was properly made a defendant. Besides, he could not be allowed, by selling her land and then refusing to join with her in an action to recover it, to defeat

that provision of the Revised Statutes which limited his interest in his wife's real estate to the use thereof, with power to rent it for not more than three years and receive the rent. There is no such limitation upon the right of the husband to damages growing out of torts to the person or reputation of his wife. He has the power to release such damages before they are paid, and if collected during his life he may, by reducing them to possession, make them his absolute property.

It seems that, with the exception named in section 51 of the Civil Code, our statutes have continued in force the common-law rule that "where an injury is committed to the wife during coverture, by battery, slander, etc., the wife can not sue alone in any case, and the husband must join if the action be brought for the personal suffering or injury to the wife." (Chitty's Pleading, side page 74, vol. 1.)

Considering the age of Charles Anderson, this is not a case in which a next friend should be allowed to compel him to prosecute an action contrary to his wishes.

There being no error in the proceedings, the judgment is affirmed.