CASE 50—PETITION EQUITY—NOVEMBER 21.

# Veal's Adm'r v. Veal.

APPEAL FROM FAYETTE CIRCUIT COURT.

EXECUTION OF NOTE BY HUSBAND TO WIFE.—The husband having received his wife's share of her father's estate, and executed to her his note for the amount, must be regarded as holding the fund in trust for her separate use; and as the trust relation continued until his death, it prevented the running of the statute of limitations. Therefore, the note was properly allowed as a debt against the husband's estate, the plea of limitation not being available, although more than fifteen years had elapsed since its execution.

BEAUCHAMP & ALLEN FOR APPELLANT.

An agreement between husband and wife of such a character as that alleged in this case may be evidenced by a promissory note in connection with other evidence tending clearly to show it, but the note alone is not sufficient evidence of the alleged agreement.

The case of Maraman v. Maraman, 4 Met., 76, commented on.

KINKEAD & DARNALL FOR APPELLEE.

1. The note given by the husband to his wife for the proceeds of her estate in lands and slaves created a trust in her favor, and the husband continued to be a trustee for the wife during coverture. (Ward v. Croty, 4 Met., 60; Maraman v. Maraman, 4 Met., 84; Latimer v. Glenn, 2 Bush, 536; Bryant v. Bryant, 3 Bush, 156; Campbell v. Galbreath, 12 Bush, 459; Thomas v. Harkness, 13 Bush, 23; Campbell v. Campbell, 79 Ky., 399.)

Veal's Adm'r v. Veal.

: 2.  As the note created a continuing and subsisting trust, which could be
enforced only in equity, the statute of limitations did not run. (Gen.
Stats., chap. 71, art. 4, secs. 2, 20; Bohonnon v. Streshly, 2 B. M.,
437; Hemrick v. Robinson, 7 Dana, 166; Matson v. Matson, 4 Met.,
264; Clay's Adm'r v. Clay, 7 Bush, 98.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

October 1, 1865, Dora Veal executed to his wife, the
appellee, Susan Veal, his promissory note for two
thousand two hundred and fourteen dollars and seven-
ty-eight cents, due one day thereafter.  The considera-
tion is not recited in the note.  It says "for value
received of her."  He died testate in 1888.  He devised
to her what the law gave her merely, and to three of
his several children the entire remainder of his estate.
The will makes no reference to the note.  The admin-
istrator, *cum testamento annexo*, brought this action
to settle the estate.  The appellee, being made a de-
fendant, asserted the note by a proper pleading.  Her
answer, among other matters, avers that, about the
time a suit was brought to settle her father's estate,
her husband agreed with her, if she would allow
him to receive what would be coming to her from it,
he would hold it in trust for her, and as her separate
estate, free from marital rights upon his part; that
there was adjudged to her in said suit as a distribu-
tee the sum of two thousand two hundred and fourteen
dollars and seventy-eight cents; that by reason of the
agreement she, by an answer, consented and requested
that the money be paid to her husband; that the
Master's report, filed in the cause, shows that the
money was received by her husband, and that in evi-
dence of the agreement, he executed to her the note.

The record of the suit to settle her father's estate was referred to as a part of her answer, and by a consent order, made in the court below, was made an exhibit in this one. It is not copied, however, in the transcript for this appeal.

The appellant has chosen to bring up a part of the record. This he may do, but at his peril. We must, therefore, assume that all of the averments of the answer, relative to what is shown by the record of the old suit, would be sustained by it, were it a part of the record before us.

The reply denies that the agreement named between the appellee and her husband was ever made, and pleads the statute of limitation in bar of any recovery upon the note. A demurrer to it was sustained, and a judgment rendered allowing the note as a debt against the estate.

It is evident the estate is solvent. No question is, therefore, presented between the widow and creditors, and the inquiry as to error is confined to a consideration of the pleadings, the note and its legal effect.

It may now be regarded as a settled rule in this State that such an agreement as that relied upon by the widow will be upheld in equity against the heirs or distributees of the husband, and, under proper circumstances, against even his creditors. (Maraman's Adm'r v. Maraman, 4 Met., 84; Latimer, &c., v. Glenn, &c., 2 Bush, 535.) It must of course be sufficiently established. Here it is urged that the words used in her answer setting forth the agreement having been denied by the reply, the demurrer to it was improperly sustained, and evidence was necessary in support

of her plea. In short, that the case should have proceeded to a trial upon testimony. The reply, however, by a failure to deny admits the appellee was the wife of the decedent; the amount coming to her from her father's estate; the receipt of it by her husband, and the execution of the note to her. This admission *ipso facto* establishes a trust in her favor. These admitted facts in and of themselves declare that the husband held the fund for the wife. No other reasonable interpretation can be given to them. They indubitably fasten a trust character upon the transaction. He certainly intended something by the execution of the note. It was certainly designed to have some effect. No satisfactory reason can be given for its execution other than that he intended the fund represented by it to remain the separate estate of the wife. If this had not been the purpose, and the parties intended it to become the property of the husband, then no note would have been given. As between the husband and wife, it was not necessary that the note, in order to create in her a separate use, should contain words to that effect, and the only reasonable construction which can be put upon the admitted facts is that the parties to the transaction designed a separate use in the wife. The presumption arising from them is conclusive. In and of themselves they establish it. This being so, the plea of limitation is not available. The husband is to be regarded as a trustee of the fund for the wife. He held it for her sole use. This fact he recognized by the receipt of it and the execution of the note to her, and this trust relation

continued until his death, and prevented the running of the statute. (Matson v. Matson, 4 Met., 262.)

The demurrer to the reply was, therefore, properly sustained, and the judgment allowing the note as a debt against the estate is affirmed.